Lucie M. Richter, Respondent, v. Maria Weber and Gertrude Weber, Defendants, Impleaded with Cecil F. Ford, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

Julius Rogak, Respondent, v. David Lantinberg and Wigly Candy Co., Inc., Appellants.— Order denying motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

Laura P. Russell and Union Free School District No. 1, Town of Mamaroneck, New York, Respondents, v. Clarence C. Merritt and Hazel Woods Merritt, Appellants.— Judgment unanimously affirmed, with costs. The typographical error at folio 84 should be corrected and the word " plaintiffs " changed to " defendants." Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

Mary M. Scott, as Administratrix, etc., of Frederick W. Scott, Deceased, Appellant, v. Chapman-Kruge Corporation and Others, Defendants, Impleaded with New York Telephone Company, Respondent.— Order granting motion to set aside verdict modified by adding thereto the words " and a new trial ordered," and as so modified affirmed, with costs to abide the event. Lazansky, P. J., Carswell and Davis, JJ., concur, with the following memorandum: The danger in connection with the erection of the wall and the necessity for the protection of the so-called west door were recognized on July third and tenth. The wall had been erected and the accident did not occur until October third. There is a question as to whether defendant telephone company was bound to anticipate the dangers arising from the particular acts occurring on that day. It is this question that necessitates a new trial. The defendant telephone company was the owner and general contractor, charged with the primary duty of exercising reasonable care. The proof discloses a basis for finding a breach of this primary and non-delegable duty (*Wohlfron* v. *Brooklyn Edison Company, Inc.*, 238 App. Div. 463, decided by this court on June 3, 1933) in omitting to provide the requisite covering needed to protect both the public and the workmen, if the need for that protection continued up to and including October third. The owner, in its capacity of general contractor, supervised the work and was under a duty not to omit doing that which would enable the various subcontractors to do their work under circumstances of safety. Hagarty, J., dissents and votes to dismiss the complaint. Young, J., dissents from the modification and votes to dismiss the complaint upon the ground that the record does not contain any proof showing that defendant telephone company supervised or controlled the work of construction.

Mildred Shapiro, Receiver of the Property of J. Lester Shapiro, Judgment Debtor, Appellant, v. Herman Shapiro, Respondent, Impleaded with J. Lester Shapiro and Others, Defendants.— In view of the decision in *Matter of Shapiro* (*ante*, p. 730), decided herewith, wherein the order vacating the appointment of a receiver is affirmed, the appeal herein is dismissed, without costs, on the ground that there is now no party plaintiff. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.